# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS LAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-01495-JCH |
| | ) |
| CONSUMER ADJUSTMENT | ) |
| COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Consumer Adjustment Company, Inc.'s ("CAC") Motion to Dismiss. (ECF No. 9.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

In September 2015, Plaintiff Nicholas Lake filed suit against CAC in the Circuit Court of St. Louis County, asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.* ("FDCPA"). (Complaint, ECF No. 1.1.) In his Complaint, Lake alleges the following facts. In July 2015, CAC sent Lake a collection letter attempting to collect a debt of $234.60 which he purportedly owed to Mid American Energy. *Id.* ¶ 10. The letter came in a double-windowed envelope which displayed the following text in the upper left hand corner: "GLCACI02 PO Box 1022 Wixom, MI 48393-1002." *Id.* ¶¶ 12-13.

In August 2015, Lake called CAC. During the call, Lake asked the CAC representative whether he could pay Mid American Energy directly and whether he could dispute the alleged debt. He also requested verification of the debt. The representative "falsely replied" that Lake

1

could not pay Mid American directly, and that his reason for disputing the alleged debt was invalid. The representative also "falsely implied" that the July 2015 letter Lake had received was verification of the debt. The representative requested payment multiple times, and threatened credit reporting in the event Lake did not pay. *Id.* ¶¶ 14-30. Lake subsequently paid the original creditor directly. *Id.* ¶ 35.

Lake further alleges that CAC "intended to mislead [him] into believing that payment of the debt could only be made with [CAC]," "caused [him] to believe that his dispute would not be honored and that the disputed credit information would be reported to the credit reporting agencies," and "attempted to frustrate [his] efforts to obtain verification of the debt." *Id.* ¶¶ 28, 36, 42. Lake asserts that CAC violated Section 1692f(8) of the FDCPA because the inclusion of CAC's name (i.e., "GLCACI02") in the window of the envelope indicated that the communication was from a debt collection business. Lake further asserts that CAC violated Section 1692e of the FDCPA because CAC's representations—that Lake could not pay the original creditor, that his reason for disputing the debt was invalid, and that he had already been provided verification—were false and misleading. Finally, Lake asserts that CAC violated Sections 1692d-f of the FDCPA by engaging in deceptive, harassing, and unfair conduct in the collection of a debt. *Id.* ¶¶ 32-40.

CAC timely removed the action to this Court. (Notice of Removal, ECF No. 1.) CAC now moves for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Lake has failed to state a claim for which relief can be granted. (ECF No. 9.)

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must construe the complaint liberally and in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806

(8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and a motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## **DISCUSSION**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits certain types of collection practices. 15 U.S.C. §§ 1692d-f. "In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *O'Connor v. Credit Prot. Ass'n LP*, No. 4:11CV2187SNLJ, 2013 WL 5340927, at *6 (E.D. Mo. Sept. 23, 2013) (citations omitted).

"A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without

3

having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quotation and citation omitted). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317-18 (citation omitted).

**A.     Section 1692f(8)**

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f specifically prohibits, among other conduct:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692(f)(8).

In *Strand*, the Eighth Circuit held that a collection agency did not violate the FDCPA when it sent collection letters in envelopes that displayed the agency's business initials above the return address, as well as the phrases "Personal and Confidential" and "Immediate Reply Requested." *Strand*, 380 F.3d at 317, 320. The Court concluded that the statute's use of the term "name" encompassed initials and logos, and that, although the phrases may not have plainly complied with the statute, such a strict adherence to the language of the statute was contrary to the overall purpose of the FDCPA. *Id.* at 318-19. The Court further concluded that the logo and phrases in question were benign because they did not reveal the source or purpose of the enclosed letters. *Id.* at 319-20 ("Even from the perspective of an unsophisticated consumer, the envelopes must have appeared indistinguishable from the countless items of so-called junk mail found daily in mailboxes across the land.").

CAC argues that, consistent with the Eighth Circuit's holding in *Strand*, Lake has failed to state a claim under Section 1692f(8) because nothing visible on the face of envelope indicated that the letter was from a debt collector or contained an attempt to collect a debt. CAC contends that, even assuming "GLCACI02" implicated CAC's name, it did not indicate that CAC was in the debt collection business. (ECF No. 10 at 2-4.)

In response, Lake argues that when the Eighth Circuit "decided *Strand* in 2004, our society still had not reached the age of ubiquitous smart phones and internet capable handheld devices." (ECF No. 14 at 3-4.) He urges the Court to consider "whether a debt collector's business name visible through an envelope window which was 'benign' under *Strand* in 2004 is still 'benign' in 2015, an age when anyone can instantly pull out their smart phone and google search names, initials, logos and addresses and discover the debt collection association." *Id.* at 5. Lake cites *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-06 (3d Cir. 2014), a case in which the Third Circuit held that the disclosure of a consumer's account number on the face of the debt collector's envelope plainly violated Section 1692f(8). Lake contends that the Third Circuit "no doubt saw the potential violation of § 1692f(8) presented by smart phone technology." *Id.* at 4.

This Court is bound by the law of the Eighth Circuit. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Consistent with the Eighth Circuit's holding in *Strand*, the Court concludes that Lake has failed to allege sufficient facts to state a claim to relief under Section 1692f(8) that is plausible on its face. *See Twombly*, 550 U.S. at 570. Upon review of the allegations in the Complaint, the Court finds Lake's assertion that the envelope "indicated [Lake] as a debtor" implausible. In addition, to the extent Lake urges this Court to adopt the approach taken by the Third Circuit in *Douglass*, the Court notes that the *Douglass* opinion specifically

distinguished *Strand*, *see Douglass*, 765 F.3d at 304 (finding *Strand* inapposite; "[t]he disclosures in…*Strand* do not raise the privacy concerns present in this case"), and that in any event the holding in *Douglass* is contrary to the law of the Eighth Circuit, *cf. Alvarado v. Northland Grp., Inc.*, No. 15-00645-CV-W-GAF, 2015 WL 7567091, at *2 (W.D. Mo. Nov. 19, 2015) ("This Court believes that following the Third Circuit's interpretation would be contrary to the Eighth Circuit's own interpretation in *Strand*."). Therefore, Lake's claim under Section 1692f(8) will be dismissed.

**B.     Section 1692e**

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To be actionable under this provision, a representation must be both false and material. *Donohoe v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). "The materiality requirement is 'not concerned with mere technical falsehoods…but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.'" *Campbell v. Credit Prot. Ass'n LP*, No. 4:12CV00289AGF, 2013 WL 1282348, at *8 (E.D. Mo. Mar. 27, 2013) (quoting *Donohue*, 592 F.3d at 1034). In other words, a material statement is one that "has the ability to influence a *consumer's* decision." *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (quotation and citation omitted) (emphasis in original).

CAC argues that "[e]ven had [CAC] said that it needed to receive the payments…[Lake] was not affected positively or negatively," because "payment to [CAC] is the same as payment to the creditor." CAC also argues that Lake did not explicitly allege that CAC "stated" that he could not dispute the debt or that the July 2015 letter was verification of the debt. (ECF No. 10 at 4-6.) In response, Lake essentially asserts that his allegations that CAC's statements were

6

literally false and inherently misleading were sufficient to state a claim under Section 1692e. (ECF No. at 5-9.)

The Court finds that the allegations in the Complaint, accepted as true, plausibly state a claim to relief under Section 1692e. Lake alleged that CAC falsely represented to him that he could not pay the original creditor, that his reasons for disputing the debt were invalid, and that the July 2015 letter was verification of the debt. Lake further alleged that CAC intended to mislead him into believing that payment of the debt could only be made to CAC, caused him to believe that his dispute would not be honored, and attempted to frustrate his efforts to obtain verification of the debt. The Court finds that these allegations allow the Court to draw the reasonable inference that CAC's purported representations would frustrate an unsophisticated consumer's ability to intelligently choose his or her response regarding the debt. Viewed objectively, such representations could mislead an unsophisticated consumer to believe, for example, that he does not have the ability to dispute, verify, or seek fair resolution of the debt with the original creditor, and could place increased pressure on the consumer to pay the debt. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (in evaluating whether statement is false, misleading, or deceptive in violation of § 1692e, statement must be viewed through eyes of unsophisticated consumer); *cf. Winiecki v. Creditors Interchange Receivable Mgmt., LLC*, 14 F. Supp. 3d 1086, 1093-94 (N.D. Ill. 2014) (at motion-to-dismiss stage, plaintiff need only state allegations that allow Court to draw reasonable inference that representation would materially mislead or confuse unsophisticated consumer). The Court therefore concludes that dismissal of Lake's claim under Section 1692e is not warranted at this stage in the proceedings.

## C. Section 1692d

Section 1692d generally prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In his Response to CAC's Motion, Lake clarifies that his Section 1692d claim is based upon the same allegations as his Section 1692f(8) claim, which pertain to CAC's conduct in displaying its name through the window of the collection letter. (ECF No. 14 at 9.) Because Lake failed to state a claim under Section 1692f(8), and based upon the reasoning provided above, the Court finds that Lake has also failed to state a claim under Section 1692d.

## D. Section 1692f

As mentioned above, Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f specifies eight types of prohibited conduct. "The statute's language is clear, however, that conduct that may be deemed unfair or unconscionable is not limited to the acts enumerated in subsections (1) through (8)." *Hanks v. Valarity, LLC*, No. 4:14-CV-01433-JAR, 2015 WL 1886960, at *4 (E.D. Mo. Apr. 23, 2015) (quotation and citation omitted). In his response to CAC's Motion, Lake clarifies that his Section 1692f claim is based upon the same allegations as his Section 1692e claim, which pertain to the purported misrepresentations CAC made regarding his ability to dispute and obtain verification of the debt. (ECF No. 14 at 9-10.)

The Court finds that Lake has failed to state a claim under Section 1692f. "Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." *Hanks*, 2015 WL 1886960 at *4 (quotation and citation omitted). Here, Lake in effect concedes that his claims under Sections 1692e and 1692f arise from the same set of factual allegations. Because a

8

different provision of the FDCPA specifically addresses the alleged misconduct, Section 1692f is inapplicable. Therefore, Lake's claim under Section 1692f will be dismissed. *See Hanks*, 2015 WL 1886960 at *4-5 (granting defendant's motion to dismiss plaintiff's § 1692f claim where specific FDCPA provisions addressed types of misconduct alleged).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Consumer Adjustment Company, Inc.'s Motion to Dismiss (ECF No. 9) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff Nicholas Lake's claims under 15 U.S.C. §§ 1692f(8), and 1692d-f are **DISMISSED with prejudice**.

Dated this 14th day of December, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE